### COLVARUSO *v.* STROH BREWERY CO.

AUTOMOBILES—PARENT AND CHILD—NEGLIGENCE—EVIDENCE.

In action by father of four-year-old boy to recover damages consisting of hospital, nursing, doctor, medicine and X-ray bills, incident to treatment and convalescence of his son and for loss of earnings during minority, record. *held*, to lack a showing of negligence on part of defendant brewery's truck driver.

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 9, 1942. (Docket No. 66, Calendar No. 41,870.) Decided April 6, 1942. Rehearing denied May 18, 1942.

Case by Paul Colvaruso against Stroh Brewery Company, an Arizona corporation, for damages consisting of hospital and medical expenses incurred by him because of the injury of his minor child resulting from alleged negligent operation of a truck. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*William J. McBrearty* and *Manuel Zechman,* for *plaintiff.*

*Ernst P. La Joie,* for defendant.

BUSHNELL, J. The facts in the instant case are the same as those in *Colvaruso's Guardian* v. *Stroh Brewery Co., ante,* 245, except for those minor differences which inevitably occur when the same witnesses testify in two separate trials. It is therefore unnecessary to restate these facts.

In the cause referred to the action was brought by Paul Colvaruso as guardian on behalf of his minor son, Sebastian, to recover damages sustained by reason of the accident in question. The trial judge in that cause set aside the verdict of the jury and entered a judgment of no cause of action in favor of the defendant.

In the instant case the action was brought by the father, Paul Colvaruso, in his own behalf, to recover damages consisting of hospital expenses, nursing bills, doctor bills, medicine, X-ray charges, et cetera, incidental to the treatment and convalescence of his son, Sebastian, and for whatever loss of earnings the son may suffer during his minority as the result of his injuries. The trial judge in the instant case refused to direct a verdict and submitted the matter to the jury. The jury returned a verdict for the plaintiff in the sum of $3,800 and the trial judge subsequently denied a motion for a judgment notwithstanding the verdict and a new trial.

In the companion case, decided herewith, the entry of a judgment *non obstante veredicto* was affirmed, the court holding that "the only evidence of the manner in which the accident occurred does not fix

liability on defendant.'' The facts being the same, our holding in that case is controlling here.

There is no evidence in the record before us that would justify a jury in finding that defendant's driver was negligent. In the absence of such evidence the jury must have reached their verdict by conjecture or by permitting their natural sympathy to influence their judgment. Notwithstanding a like sympathy on our part, we cannot escape our duty to set aside the judgment entered upon this verdict.

The minds of reasonable men, uninfluenced by sympathy, could not differ as to the lack of any showing of negligence on the part of defendant's driver.

The judgment entered upon the jury's verdict is vacated and the cause is remanded for the entry of a judgment *non obstante veredicto.* Costs to appellant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.